**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JACQUELINE DANFORD, Individually and on**                    **PLAINTIFF**
**Behalf of Those Similarly Situated**

**VS.**                                                          **CIVIL ACTION NO.:** ___1:20-cv-371-LG-RPM___

**PORTFOLIO RECOVERY ASSOCIATES**                               **DEFENDANTS**

---

## CLASS ACTION COMPLAINT – JURY DEMAND

---

COMES NOW, Plaintiff, Jacqueline Danford, individually, and on behalf of all others similarly situated, pursuant to Fed. R. Civ. P. 23 asserting the following class action claims against Defendant, Portfolio Recovery Associates and would state the following:

### NATURE OF ACTION

1.      This action is brought pursuant to Fed. R. Civ. P. 23 by Plaintiff, individually, as well as on behalf of all others similarly situated, seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq*.

### JURISDICTION, PARTIES AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 with respect to Plaintiff's FDCPA claims.

3.      Jacqueline Danford ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

4.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) as she is a natural person obligated or allegedly obligated to pay a debt.

5.      Portfolio Recovery Associates, LLC ("Defendant") is a Delaware limited liability company with its principal place of business in Norfolk, Virginia.

6.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business and the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another.

7.      Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district.  28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8.      In a letter dated April 3, 2020, Defendant communicated to Plaintiff that an account bearing the last four digits of 3188 purportedly owed by her to Synchrony Bank (hereinafter "the *3188 account") was sold to Defendant.

9.      The Letter stated the amount owed, the original creditor, the balance, and identified the Defendant as "Creditor to Whom Debt is Owed."

10.      This letter further stated: "This communication is from a debt collector and is an attempt to collect a debt."

11.      In a letter dated April 3, 2020, Defendant communicated to Plaintiff that an account bearing the last four digits of 6313 purportedly owed by her to Synchrony Bank (hereinafter "the *6313 account") was sold to Defendant.

12.      The Letter stated the amount owed, the original creditor, the balance, and identified the Defendant as "Creditor to Whom Debt is Owed."

13.      This letter further stated: "This communication is from a debt collector and is an attempt to collect a debt."

14.     In a letter dated April 3, 2020, Defendant communicated to Plaintiff that an account bearing the last four digits of 5443 purportedly owed by her to Synchrony Bank (hereinafter "the *5443 account") was sold to Defendant.

15.     The Letter stated the amount owed, the original creditor, the balance, and identified the Defendant as "Creditor to Whom Debt is Owed."

16.     This letter further stated: "This communication is from a debt collector and is an attempt to collect a debt."

17.     In a letter dated April 3, 2020, Defendant communicated to Plaintiff that an account bearing the last four digits of 7241 purportedly owed by her to Synchrony Bank (hereinafter "the *7241 account") was sold to Defendant.

18.     The Letter stated the amount owed, the original creditor, the balance, and identified the Defendant as "Creditor to Whom Debt is Owed."

19.     This letter further stated: "This communication is from a debt collector and is an attempt to collect a debt."

20.     In a letter dated April 15, 2020, the Plaintiff notified Defendant that she disputed the alleged debts associated with the *3188, *6313, *5443, and *7241 accounts and requested a validation of each of the debts pursuant to §1692g.  This letter was a proper notice of dispute and request for validation pursuant to 15 U.S.C. §1692g.  The April 15, 2020 letter is attached as Exhibit A.

21.     This letter was sent certified mail and was received by Defendant.

22.     The Defendant responded to Plaintiff's dispute letter with different letters for each account.

23.     Plaintiff and Defendant corresponded back and forth regarding the four accounts with Plaintiff contesting that the Debts had been properly validated and requesting more information and Defendant responding by sending a form letter in response.

24.     Each of the letters sent by Defendant contains a form number and the content of each letter can be readily summarized by the corresponding form number as follows:

i.      Form No. D3:  Defendant states that it has responded to the dispute with additional documentation.  It then states: "We have completed our investigation of your dispute concerning this account." A copy of one such letter is attached as Exhibit B.

ii.     Form No. D4: The Defendant states that it obtained the account from a seller and provides the date of sale and some of the information purportedly obtained from an electronic file that was provided at the time of sale A copy of one such letter is attached as Exhibit C.

iii.    Form No. D12: The Defendant states that it has requested additional information from the consumer regarding the dispute and that it has not received the requested information.   It further states that the Defendant cannot complete the investigation of the dispute and that it is terminating the dispute investigation.  A copy of one such letter is attached as Exhibit D.

iv.     Form No. D13: The Defendant states that it has reviewed the dispute received from the consumer and determined that the dispute is substantially similar to a prior dispute and that the dispute is therefore resolved. A copy of one such letter is attached as Exhibit E.

25.     Forms D3 and D4 contain the following statement: "This communication is from a debt collector but is not an attempt to collect a debt."

26.    Forms D12 and D13 contain the following statement: "This communication is from a debt collector.  This communication is made for the limited purpose of responding to your dispute and is NOT an attempt to collect a debt."

27.    Despite the presence of these generic disclaimers, the D3, D4, D12, and D13 letters state that a balance is owed to Defendant, they contain a website address where online payments can be made, and the Defendant's only business is the collection of debts.   Accordingly, the only logical conclusion is that the intended purpose of these letters is debt collection – especially in the eyes of an unsophisticated or the least sophisticated consumer. *See, i.e., McMurray v. ProCollect, Inc*., 687 F.3d 665, 669 (5th Cir. 2012).

28.    Furthermore, each of these letters were sent in response to a disputed debt, therefore, the letters were sent in connection with a debt collection.

29.    From April 22, 2020 to October 4, 2020, Plaintiff received at least 96 letters from Defendant, further identified in the following tables:

| Account No. *3188 | | Account No. *5443 | | Account No. *6313 | | Account No. *7241 | |
|---|---|---|---|---|---|---|---|
| **Form** | **Quantity** | **Form** | **Quantity** | **Form** | **Quantity** | **Form** | **Quantity** |
| D3 | 7 | D3 | 4 | D3 | 5 | D3 | 5 |
| D4 | 14 | D4 | 14 | D4 | 15 | D4 | 13 |
| D12 | 10 | D12 | 9 | D12 | 6 | D12 | 9 |
| D13 | 3 | D13 | 2 | D13 | 2 | D13 | 2 |
| **Total:** | 34 | **Total:** | 29 | **Total:** | 28 | **Total:** | 29 |

**Total: 96 Letters**

30.     After realizing that her requests for additional information were being ignored, Plaintiff sent a letter dated August 1, 2020 that requested that Defendant "cease and desist all collections and communications".  This letter is attached as Exhibit F.

31.     This letter was sent certified mail and was received by Defendant.

32.     After Plaintiff requested that the Defendant cease all communications regarding the referenced accounts, Defendant continued to send additional correspondence to the Plaintiff regarding the same four accounts.

33.     In total, the Plaintiff received at least 41 letters from the Defendant regarding these four accounts after the Defendant received Plaintiff's first letter requesting that they cease communications.

34.     In none of the 41 letters sent by Defendant to Plaintiff after her request to stop communications did Defendant (1) advise the Plaintiff that the debt collection would be terminated, (2) notify the Plaintiff that the Defendant might invoke specified remedies, or (3) notify the Plaintiff that the Defendant was invoking or intended to invoke specified remedies.

35.     In each of her letters to Defendant after August 1, 2020, Plaintiff repeated her plea that the Defendant cease further communications to her regarding the accounts.

36.     One of the letters from Plaintiff is attached as Exhibit G, was dated August 31, 2020, and was received by the Defendant on September 8, 2020.

37.     These pleas to cease communications and stop its harassment of the Plaintiff were ignored by Defendant in violation of 15 U.S.C. §1692c(c), which states:

> **(c) Ceasing Communication**
> If   a consumer notifies   a debt collector   in   writing   that
> the consumer refuses to pay a debt or that the consumer wishes
> the debt collector   to   cease   further communication with
> the consumer, the debt collector shall not communicate further
> with the consumer with respect to such debt . . . .

38.     Of the 41 letters received by the Plaintiff after her demand to stop communications, at least twelve (12) of the letters from the Defendant were dated October 4, 2020.

39.     Additionally, in a letter dated June 21, 2020, Defendant corresponded with Plaintiff regarding a fifth account, bearing an account number with the last 4 digits of 7313 ("the *7313 account). The June 21, 2020 letter was a Form D4 letter purporting to verify the debt. It is attached as Exhibit H.

40.     Plaintiff received a similar D4 letter and a D3 letter regarding the same account dated August 25, 2020. Both letters identify a balance of $2,290.71. These letters are attached as Exhibit I and J.

41.     The documents corresponding with the D3 letters confirm that the last transaction on the *7317 account was conducted in 2010.   See, Exhibit J.

42.     Under Mississippi law, the statute of limitations expired on the debt three years after the date of the last transaction or from the last written acknowledgment of the debt.

43.     Under Mississippi Code §15-1-3, the expiration of a statute of limitations extinguishes the right as well as the remedy regarding debt. It is not merely an affirmative defense, instead the debt is considered "extinguished". *Greene v. Greene*, 145 Miss. 87, 110 So. 218, 222-23 (Miss. 1926). "[T]he account ceases to be a debt. It is completely extinguished by the statute of limitation . . . ." *Id.* at 223; *see also, Hawkins v. S. Pipe & Supply Co.*, 259 So. 2d 696, 697 (Miss. 1972); *Proctor v. Hart*, 72 Miss. 288, 16 So. 595, 596 (Miss. 1894). *See also, Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1412 (2017) noting ("expiration of the limitations period extinguishes the remedy and the right.").

44.     The letters received relating to the *7313 account failed to mention that the debt was barred by the Mississippi statute of limitations.

45.     The letters received relating to the *7313 account failed to advise the Plaintiff that if she acknowledged the debt that she could restart the statute of limitations.

46.     Accordingly, the letters regarding the *7313 account were misleading by stating the balance at any amount other than $0.00.

47.     Following additional disputes, Defendant ultimately correctly identified the correct balance of the *7313 account as $0.00. See, letter attached as Exhibit K.

48.     Because of the Defendant's actions, Plaintiff has suffered actual damages including postage, attorneys fees, and treatment costs related to emotional distress.

## INDIVIDUAL CLAIMS FOR RELIEF

### Count I: Violation of 15 U.S.C. § 1692e –
### Defendant Sent Plaintiff Misleading Representations Regarding a Time Barred Debt.

49.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50.     The indebtedness allegedly owed to Defendant by Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5).

51.     The statute of limitations regarding the *7313 account expired no later than December 22, 2013.

52.     Under Mississippi Code §15-1-3, the expiration of a statute of limitations extinguishes the right as well as the remedy regarding debt.

53.     It is well settled that this means that once the statute of limitations has run, the debt is effectively destroyed. *Greene v. Greene*, 145 Miss. 87, 110 So. 218, 222-23 (Miss. 1926). "[T]he account ceases to be a debt. It is completely extinguished by the statute of limitation

. . . ." *Id.* at 223; *see also, Hawkins v. S. Pipe & Supply Co.*, 259 So. 2d 696, 697 (Miss. 1972); *Proctor v. Hart*, 72 Miss. 288, 16 So. 595, 596 (Miss. 1894). The United States Supreme Court noted this distinction as recently as 2017. *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1412 (2017).

54.     The debt related to the *7313 account was extinguished at the time that the Defendant first contacted the Plaintiff regarding the Debt.

55.     The last transaction on the *7313 account was more than three years prior to these communications and the Plaintiff never provided a written acknowledgment of the debt to Defendant.

56.     The Defendant sent a communication to the Plaintiff indicating that a debt was owed pursuant to the *7313 account.

57.     The letters received relating to the *7313 account failed to mention that the debt was barred by the Mississippi statute of limitations.

58.     The letters received relating to the *7313 account failed to advise the Plaintiff that if she acknowledged the debt that she could restart the statute of limitations.

59.     The Defendant's communications to Plaintiff regarding the *7313 accounts were misleading.

60.     These communications were in connection with the collection of a debt.

61.     Defendant violated 15 U.S.C. §§ 1692e and e(2) by making deceptive, false, or misleading representations in connection with the collection of this time-barred debt.

62.     Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect or attempt to collect a time-barred debt.

63.     Because of the Defendant's actions, Plaintiff has suffered actual damages including postage, attorneys fees, and treatment costs related to emotional distress.

64.     Defendant violated 15 U.S.C. § 1692e, e(2), and e(10); and therefore Plaintiff is entitled to recover actual damages, statutory damages, and costs of the action, together with reasonable attorney's fees.

**Count II: Violation of 15 U.S.C. § 1692c –
Defendant Failed to Cease Communications to Plaintiff After Plaintiff
Requested in Writing That Defendant Cease Communications.**

65.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

66.     In a letter dated August 1, 2020, Plaintiff sent a request to the Defendant requesting that the Defendant "cease and desist collections and all communications immediately." (Exhibit F).

67.     The Defendant received the August 1, 2020 letter.

68.     The Defendant ignored Plaintiff's request and instead sent Plaintiff at least 41 different letters after it received notice that Plaintiff wanted communications to cease.

69.     In addition to the April 3, 2020 letter, Plaintiff sent at least four additional letters to Defendant requesting that they cease communications.  These letters were sent between August 11, 2020 and September 8, 2020.

70.     15 U.S.C. §1692c(c) provides:

> **(c) Ceasing Communication**
> If  a consumer notifies   a debt collector  in   writing   that the consumer refuses to pay a debt or that the consumer wishes the debt collector   to    cease    further communication with the consumer, the debt collector  shall  not  communicate further with the consumer with respect to such debt . . . .

71.     The statute continues by providing three exceptions: (i) to advise the consumer that the debt collector's further efforts are being terminated, (ii) to notify the consumer that the debt collector may invoke a specified remedy ordinarily invoked by the debt collector, or (iii) to notify the consumer that the debt collector intends to invoke a specified remedy – none of which are applicable to the communications received by the Plaintiff.

72.     The Defendant violated §1692c(c) no less than 41 times by sending the Plaintiff communications with respect to the *3188, *6313, *5443, and *7241 account.

73.     Because of the Defendant's actions, Plaintiff has suffered actual damages including postage, attorneys fees, and treatment costs related to emotional distress.

74.     Plaintiff is entitled to recover actual damages, statutory damages, and costs of the action, together with reasonable attorney's fees.

**Count III: Violation of 15 U.S.C. § 1692e –
Defendant Sent Misleading Representations to Plaintiff By Stating That it
Requested Documentation When it Had Not Requested any Additional Information.**

75.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

76.     The D12 Letters sent by Defendant state the following: "In our previous letter to you, we requested that you send our company additional information pertaining to the account referenced above so that the Disputes Department could complete the investigation of the alleged dispute."

77.     At no point did Defendant ever request additional information from the Plaintiff pertaining to the accounts.

78.     The D12 letters sent by Defendant to Plaintiff were all false and misleading.

79.     The Defendant violated 15 U.S.C. §§ 1692e and e(2) by making deceptive, false, or misleading representations in connection with the collection of the alleged debt.

80.     The Defendant violated 15 U.S.C. § 1692e and e(2).

81.     Because of the Defendant's actions, Plaintiff has suffered actual damages including postage, attorneys fees, and treatment costs related to emotional distress.

82.     Plaintiff is entitled to recover actual damages, statutory damages, and costs of the action, together with reasonable attorney's fees.

**Count IV: Violation of 15 U.S.C. §§ 1692d–
Defendant Harassed Plaintiff by Sending 96 Letters in Six Months Regarding Just Four
Accounts and by Repeatedly Contacting the Plaintiff when She Requested That It Stop.**

83.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

84.     Defendant sent at least 96 letters to the Plaintiff regarding the *3188, *6313, *5443, and *7241 accounts.

85.     Defendant sent at least 41 of these letters after they received a letter specifically requesting that it "cease and desist all collections and communications".

86.     Plaintiff notified Defendant in writing multiple times that its behavior was harassing to Plaintiff.  Plaintiff sent letters explicitly requesting of the Defendant "stop harassing me".

87.     15 U.S.C. §1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

88.     Sending 96 letters to the Plaintiff within six months with many letters being sent on the same day had the natural consequence of harassing the Plaintiff.

89.     Sending letters to the Plaintiff after the Plaintiff specifically requested of the Defendant "cease and desist all collections and communications" and "stop harassing me" had the natural consequence of harassing the Plaintiff.

90.     The Defendant violated 15 U.S.C. § 1692d.

91.     Because of the Defendant's actions, Plaintiff has suffered actual damages including postage, attorneys fees, and treatment costs related to emotional distress.

92.     Plaintiff is entitled to recover actual damages, statutory damages, and costs of the action, together with reasonable attorney's fees.

93.     Section 1692k of the FDCPA provides:

 "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –
(1)     any actual damage sustained by such person as a result of such failure;
(2)
(A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
                                                                ***
(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. § 1692d, 1692e, e(2), and e(10);

B.     an order enjoining Defendant from further violation(s) of 15 U.S.C. § 1692d, 1692e, e(2), and e(10);

C.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

D.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

- 13 -

E.      an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F.      an award of such other relief as this Court deems just and proper.

## CLASS ALLEGATIONS

94.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

95.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated identified as "Putative Class A", "Putative Class B", and "Putative Class C".

96.     Putative Class A is defined as follows:

All natural persons residing in the State of Mississippi who (a) within the one (1) year prior to the filing of the original complaint and during its pendency (b) received any communication from the Defendant (c) that asserted a balance of greater than $0.00 (d) in reference to an account that was older than three (3) years old and had no activity or written acknowledgment or the debt by the consumer within the past three (3) years (e) if such person has resided in Mississippi for more than three (3) years.

97.     Putative Class B is defined as follows:

All natural persons residing in the State of Mississippi who (a) communicated to Defendant a written request that Defendant cease communications and (b) within the one (1) year prior to the filing of the original complaint and during its pendency (c) received additional correspondence from the Defendant (d) unless such correspondence was for one of the following purposes: (i) to advise the consumer that the Defendants further efforts are being terminated, (ii) to notify the consumer that the Defendant may invoke a specified remedy ordinarily invoked by the Defendant, or (iii) to notify the consumer that the Defendant intends to invoke a specified remedy.

98.     Putative Class C is defined as follows:

All natural persons residing in the State of Mississippi who (a) within the one (1) year prior to the filing of the original complaint and during its pendency (b) received a letter substantially similar to the letter presented as D12. (Exhibit D) (c) when said person did not receive any request for information from the Defendant prior to receipt of such letter.

99.     Excluded from each of the Putative Classes are: (1) Defendant, its agents, parents, predecessors, subsidiaries, successors and any entity in which Defendant, or its agents, parents, predecessors, subsidiaries, successors have a controlling interest, and those entities' current and former directors, employees and officers; (2) the Judge and Magistrate Judge to whom this case is assigned, as well as the Judge and Magistrate Judge's immediate family; (3) persons who execute and timely file a request for exclusion; (4) persons whose claim(s) in this matter have been finally adjudicated and/or otherwise released; (5) the assigns, legal representatives and/or successors of any such excluded person(s); and (6) Counsel for Plaintiff and Counsel for Defendant.

100.    Members of the Putative Classes will be identified through discovery of Defendant's business records.

101.    Members of the Putative Classes are not adverse to each other and are entitled to substantially similar damages in the form of statutory damages.

**A.     Numerosity**

102.    On information and belief, Defendant sent similar communications to Mississippi residents on no less than 40 occasions.

103.    On information and belief, Defendant sends hundreds – if not thousands – of similar communications to Mississippi residents on a daily basis.

104.    The exact number of members of the Putative Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

- 15 -

105.    The Defendant's reliance on form letters and automation indicate that individuals similarly situated to the Plaintiff likely received substantially similar correspondence from the Defendant.

### B.    Typicality

106.    Plaintiff's claims are typical of the claims of other members of the Putative Class.

107.    On information and belief, Defendant's business records will show that they sent similar letters to different consumers in the state of Mississippi.

108.    Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes are entitled to statutory damages as result of Defendant's conduct.

### C.    Commonality and Predominance

109.    There are common questions of fact and law with the claims of Plaintiff and the Putative Classes.

110.    These common questions of fact and law are whether Defendant's communications were misleading or if they were sent after a request to cease communication.

111.    These common questions of fact and law are subject to common proof through review of Defendant's business records.

112.    These common questions of fact and law are answerable for the entirety of each Putative Class.

113.    These common questions of fact and law predominate over any questions that may affect individual members of the Putative Classes.

### D.    Superiority and Manageability

114.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

115.     Joinder of all parties is impracticable.

116.     The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution of Defendant's unlawful collection activities.

117.     Even if individual members of each of the Putative Classes could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties and to the courts.

118.     By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

119.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E.     Adequate Representation

120.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

121.     Plaintiff has retained counsel competent and experienced in consumer litigation and in class actions.

122.     Plaintiff has no interests antagonistic to those of the Putative Classes, and Defendant has no defenses unique to Plaintiff.

### CLASS CLAIMS FOR RELIEF

### Count V: Violation of 15 U.S.C. § 1692e – Defendant Sent Misleading Representations to Members of Putative Class A Regarding a Time Barred Debt.

123.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

124.    Defendant sent correspondence to members of Putative Class A regarding debts that were time barred under Mississippi law.

125.    Such correspondence was misleading when it asserted that a balance of greater than $0.00 was owed to the Defendant by members of Putative Class A.

126.    Defendant violated 15 U.S.C. §§ 1692e and e(2) with respect to Putative Class A by making deceptive, false, or misleading representations in connection with the collection of this time-barred debt.

127.    Defendant violated 15 U.S.C. § 1692e(10) with respect to Putative Class A by using false representations and deceptive means to collect or attempt to collect a time-barred debt.

128.    Members of Putative Class A will be identified through discovery of Defendant's business records.

129.    Section 1692k of the FDCPA provides:

"any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –
   (1)    any actual damage sustained by such person as a result of such failure;
   (2)    in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of the debt collector; and
   (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court."

**Count VI: Violation of §1692c –**
**Defendant Failed to Cease Communications to Members of Putative Class B**
**After They Requested in Writing That Defendant Cease Communications.**

130.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

131.     Members of Putative Class B sent written requests to Defendant requesting that they cease communication regarding their alleged debts to Defendant.

132.     Defendant sent additional correspondence to members of Putative Class B in violation of §1692c.

133.     Members of Putative Class B will be identified through discovery of Defendant's business records.

134.     Section 1692k of the FDCPA provides:

"any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –
(1)     any actual damage sustained by such person as a result of such failure;
(2)     in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of the debt collector; and
(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court."

**Count VII: Violation of §1692e –**
**Defendant Sent Misleading Representations to Members of Putative**
**Class C By Stating That it Requested Additional Documentation**
**When it Had Not Requested any Additional Information.**

135.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

136.     Each of the Members of Putative Class C received correspondence from Defendant stating the following: "In our previous letter to you, we requested that you send our company additional information pertaining to the account referenced above so that the Disputes Department could complete the investigation of the alleged dispute."

137.     This statement was misleading with respect to members of Putative Class C because the defendant had not Requested additional information.

138.     The Defendant violated 15 U.S.C. §§ 1692e and e(2) with respect to members of Putative Class C by making deceptive, false, or misleading representations in connection with the collection of the alleged debt.

139.     Section 1692k of the FDCPA provides:

"any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

(1)     any actual damage sustained by such person as a result of such failure;

(2)     in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of the debt collector; and

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court."

**WHEREFORE**, Plaintiff, on behalf of members of the Putative Class request the following relief:

A.     an order granting certification of the proposed classes, including the designation of Plaintiff as the named representative of each class, and the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B.     a finding that Defendant violated 15 U.S.C. § 1692e, e(2) and e(10);

C.     an order enjoining Defendant from further violation(s) of 15 U.S.C. § 1692e, e(2) and e(10);

D.     an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of Defendant;

E.      an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F.      an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Respectfully submitted,

/s/Michael T. Ramsey
Michael T. Ramsey (MSB #104978)
**SHEEHAN & RAMSEY, PLLC**
429 Porter Avenue
Ocean Springs, Mississippi 39564
228-875-0572
mike@sheehanramsey.com